# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jack Leon Blythe,<br><br>   Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>   Respondents. | No. CV-19-08207-PCT-DLR (ESW)<br><br>**ORDER** |

  Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Eileen S. Willett (Doc. 15) regarding Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1). The R&R recommends that the petition be denied and dismissed with prejudice. The Magistrate Judge advised the parties that they had fourteen days from the date of service of a copy of the R&R to file specific written objections with the Court. Petitioner filed an objection to the R&R on July 27, 2020 (Doc. 16), Respondents filed their response on August 7, 2020 (Doc. 17), and Petitioner filed his reply on August 19, 2020 (Doc. 18). The Court has considered the objections and reviewed the R&R de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

  Petitioner was convicted of three counts of child molestation. On May 6, 2015, he was sentenced to 84 years in prison. On March 31, 2016, Petitioner's conviction and sentence were affirmed by the Arizona Court of Appeals ("ACOA"). Subsequently, the Arizona Supreme Court ("ACS") denied Petitioner's petition for review. On October 5,

2016, Petitioner filed a Notice of Post-Conviction Relief ("PCR") in the state trial court. After appointed counsel filed a notice of no colorable claim, Petitioner filed a pro se PCR petition. The trial court denied relief, and the ACOA affirmed.

In July 2019, Petitioner filed this habeas petition, alleging seven grounds for relief. The R&R found that Grounds One, Two, and Three are procedurally defaulted without excuse and recommended that they be dismissed. It found that Grounds Four, Five, and Six are without merit and recommended that they be denied. It found that Ground Seven does not present a cognizable claim and that it should be dismissed. Petitioner disputes the R&R's findings and recommendations on all seven grounds

Grounds One and Two allege Fifth and Fourteenth Amendment rights violations based on the trial court's evidentiary rulings and denial of a motion for directed verdict. However, when Petitioner raised those arguments in state court, he raised only state law violations and did not raise U.S. constitutional violation claims. The R&R correctly found that Grounds One and Two, alleging Fifth and Fourteenth Amendment rights violations, were not exhausted in state court because they were not raised, and are procedurally defaulted because time has expired for Petitioner to return to state court to raise these grounds

Ground Three alleges Fifth and Fourteenth Amendment rights violations based on the failure to provide him with the transcripts needed to prepare an adequate PCR. However, those constitutional grounds were not presented to the ACOA in his petition for review following the trial court's denial of his PCR. The R&R correctly found that Ground Three was not exhausted in state court because the claims were not raised, and is procedurally defaulted because time has expired for Petitioner to return to state court to raise this ground.

Petitioner objects to the R&R's finding that his procedural defaults are not excused. In order to establish cause for excusing a procedurally defaulted claim, a petitioner must prove that the default is due to an external, objective factor not attributed to him. *Smith v. Baldwin*, 510 F.3d 1127, 1146 (9th Cir. 2007). Petitioner argues that PCR and appellate

counsel "actively stalled" providing the record to him. Those alleged facts do not support his claim that an external factor caused the procedural defaults. Grounds One and Two were procedurally defaulted because they were based on state law and were not presented as federal claims. Ground Three was procedurally defaulted because of Petitioner's failure to present it to the ACOA when he was representing himself in his petition for review following the trial court's denial of post-conviction relief. The alleged delay in receiving the record did not play a role in the legal determination that Grounds One and Two were not presented as federal claims in state court. As to Ground Three, petitioner did not raise in state court his claim that counsel delayed providing the record and there are no facts showing that a delay prevented Petitioner from raising any issues or caused his petition for review in the ACOA to be dismissed.

The R&R correctly found that the Petitioner has not shown that his procedural defaults are due to an external objective factor that cannot be fairly attributed to him. The R&R, consistent with Ninth Circuit precedent, stated that "Petitioner's status as an inmate with limited legal resources cannot constitute cause to excuse his procedural defaults." (Doc. 15 at 8); *see Hughes v. Idaho State Bd. of Corr.*, 800 F.2d 905, 909 (9th Cir. 1986) (an illiterate *pro se* petitioner's lack of legal assistance did not amount to cause to excuse a procedural default).

Grounds Four, Five, and Six rely on an argument that the statute under which Petitioner was convicted, A.R.S. § 13-1410, is unconstitutionally vague. Petitioner relies on *May v. Ryan*, 245 F. Supp. 3d 1145, 1158 (D. Ariz. 2017), which determined that A.R.S. § 13-1410 unconstitutionally shifted the burden of proof to the defendant. Ground Four alleges that A.R.S. § 13-1410 is unconstitutionally vague. Ground Five alleges that Petitioner's trial counsel failed to raise a constitutional challenge at trial. Ground Six alleges that appellate counsel failed to raise the unconstitutional vagueness of the statute on appeal.

/ / /

/ / /

Petitioner's reliance on *May* is not well founded. It is not the law. The Ninth Circuit partially vacated the district court's *May* decision, finding that A.R.S. § 13-1410 is not vague because of the long-standing status of the law in Arizona that the State is not required to prove sexual intent to successfully prosecute a defendant for child molestation. *May v. Ryan*, 766 F. App'x 505, 506 (9th Cir. 2019). Because the law is well-settled that A.R.S. § 13-1410 is not unconstitutionally vague, Grounds Four, Five, and Six, which rely on the vagueness argument, are without merit.

Ground Seven alleges that Petitioner was denied effective assistance of PCR counsel for failing to raise claims that both trial counsel and appellate counsel were ineffective. The R&R correctly found that there is no constitutional right to an attorney in PCR proceedings and therefore there is no constitutional right to effective assistance of PCR counsel. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). The R&R correctly found that Ground Seven is not a cognizable claim in this proceeding.

In his objections, Petitioner generally re-urges the claims he raised in his petition. These arguments present no new facts or law. Re-arguing issues raised in the petition and addressed in the R&R do not direct the Court to the portions of the R&R being challenged. Repeated presentation of Petitioner's claims is not a proper objection. *See Sullivan v. Schriro*, CV-04-1517-PHX-DGC, 2006 WL 1516005, at * 2 (D. Ariz. May 30, 2006) (dismissing objections because merely reiterating arguments raised prior to the issuance of an R&R fails to provide a court with no guidance as to what portions of the R&R's rulings are incorrect).

**IT IS ORDERED** that Petitioner's Objections to the R&R (Doc. 16) are **OVERRULED**. The R&R (Doc.15) is **ACCEPTED**. Grounds One, Two, Three, and Seven are **DISMISSED WITH PREJUDICE** and Grounds Four, Five, and Six are **DENIED**. A Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because the dismissal of the petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable, and because Petitioner has not made

a substantial showing of the denial of a constitutional right. The Clerk of the Court shall enter judgment accordingly and terminate this action.

Dated this 23rd day of October, 2020.

Douglas L. Rayes
United States District Judge